UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **JAMES SCHUBIGER** | **CASE NO. 2:22-CV-01853** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **FEDNAT INSURANCE CO** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a Motion to Lift Stay and File Intervention [doc. 10] filed by Louisiana Insurance Guaranty Association ("LIGA"), seeking leave to intervene in this first-party insurance suit that has been stayed due to the bankruptcy proceedings of defendant FedNat Insurance Company ("FedNat").

### I.
### BACKGROUND

This suit arises from damage to plaintiff's property in Hurricane Laura and Hurricane Delta, which both made landfall in Southwest Louisiana in 2020. At all relevant times the property was insured under a policy issued by FedNat and plaintiff alleges that FedNat failed to timely or adequately compensate him for his covered losses. Accordingly, he filed suit against FedNat in this court on June 23, 2022, invoking the court's diversity jurisdiction under 28 U.S.C. § 1332. Doc. 1. On October 7, 2022, the court was notified of FedNat's liquidation and the case was automatically stayed. Doc. 9.

Through the instant unopposed motion LIGA seeks to intervene in this case as an intervenor of right and to be substituted as a defendant. Doc. 10. LIGA claims that it is

FedNat's statutory successor in interest in liquidation pursuant to Louisiana Revised Statute 22:2058(A). *Id.* In a similar case, the court ordered LIGA to brief the issue of how its intervention would affect subject matter jurisdiction and ultimately determined, as the undersigned does now, that LIGA does not have an interest to protect that would permit its intervention. *See McDaniel v. Weston Specialty Insurance Co.*, No. 2:21-cv-04380, Doc. 26 (W.D. La. Jan. 26, 2023).

### III.
### LAW & APPLICATION

Under Federal Rule of Civil Procedure 24(a)(2), the court must permit intervention by anyone who, by timely motion, seeks to intervene in an action and "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Failure to satisfy any one element of this rule precludes the applicant's right to intervene. *Ross v. Marshall*, 426 F.3d 745, 753 (5th Cir. 2005).

LIGA claims it is an intervenor of right in this matter because a Florida court declared defendant insolvent. Doc. 10; doc. 10, att. 2. In analyzing this claim, the court determines whether LIGA has a "direct, substantial, and legally protectable" interest in the transaction that is the subject of this litigation. *Ross*, 426 F.3d at 757 (brackets removed).

"A key component of the intervention analysis is whether the intervenor has a sufficient 'interest' in the litigation." *Ouch v. Sharpless*, 237 F.R.D. 163, 165 (E.D. Tex. 2006) (finding that proposed intervenor did not have sufficient interest for purposes of

intervention where his sole interest was in plaintiff's eventual damages recovery and not a substantive interest). Determining the nature of the interest required for an intervention of right involves a flexible inquiry "which focuses on the particular facts and circumstances surrounding each application," and intervention of right "must be measured by a practical rather than technical yardstick." *United States v. Perry County Bd. of Ed.*, 567 F.2d 277, 279 (5th Cir. 1978) (quoting *United States v. Allegheny-Ludlum Indus., Inc.*, 517 F.2d 826, 841 (5th Cir. 1975)).

LIGA claims its interest in the litigation arises from Louisiana Revised Statutes 22:2058(B)(3), which allows LIGA to sue or be sued and includes a "right to intervene as a party." However, this Louisiana statute grants a right to intervene in Louisiana state courts, not federal courts.

LIGA also asserts that its interest arises from § 2058(A). Under this provision, LIGA has "all rights, duties, and obligations of the insolvent insurer as if the insurer had not become insolvent" to the extent of LIGA's obligations on the "covered claims." La. R.S. 22:2058(A)(2). The cited statute creates an obligation for LIGA but does nothing to explain what interest LIGA would have in this litigation, one in contract by insureds against their insurer. LIGA has no interest in this litigation to protect.[1]

---

[1] Should plaintiffs wish to proceed against LIGA in this forum, they might consider filing a Motion to Substitute LIGA for FedNat as its statutory successor in interest to the obligations of the insolvent insurer. *See Hale v. America's Ins. Co.*, 21-cv-2902 (W.D. La. Jan. 25, 2023) (Memorandum Order on motion to substitute). "Subject matter jurisdiction, once it validly exists among the original parties, remains intact after substitution." *Ransom v. Brennan*, 437 F.2d 513, 516 (5th Cir. 1971) (collecting cases). By contrast, in cases in which plaintiffs have sought to amend their complaints to state claims against LIGA as an additional defendant, we have found that such an amendment would destroy diversity. *See, e.g.*, *Prudhomme et al v. Southern Fidelity Insurance Co.*, 2:22-cv-02067, Doc. 8, p. 3 (W.D. La. Feb. 1, 2023) (Memorandum Order on motion to amend complaint) (citing *B.A. Kelly Land Co. LLC v. Aethon Energy Operating LLC*, No. 5:18-CV-01243, 2019 WL 13115363, at *2 (W.D. La. Dec. 20, 2019), *aff'd* 25 F.4th 369 (5th Cir. 2022); *Landry v. Circle K Stores, Inc.*, No. CV 16-15705, 2017 WL 3065105, at *1 (E.D. La. July 19, 2017) ("All

## IV.
### CONCLUSION

For the reasons stated above, the Motion to Intervene is **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 21st day of March, 2023.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

---

parties agree that LIGA is a Louisiana citizen and that joining LIGA as a defendant would destroy the Court's diversity jurisdiction.")).